## Rathbone *v.* Rathbone, Appellant.

*Landlord and tenant—Services of lessee's wife—Contract.*

Where a father leases to his son a farm to be worked on shares and the written contract provides that "the lessee should do the farming and all labor in good workmanship manner," the wife of the lessee cannot recover from the owner for manual labor on the farm voluntarily rendered for her husband while the family relation was maintained, and with no expectation at the time of rendition that she was to receive any compensation from the owner.

Argued February 10, 1903. Appeal, No. 9, Feb. T., 1903, by defendant, from judgment of C. P. Tioga County, Jan. T., 1902, No. 74, on verdict for plaintiff in case of Vera Rathbone v. Job Rathbone. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Appeal from justice of the peace.

Assumpsit for work and labor done. Before NILES, P. J.

At the trial it appeared that on November ·1, 1899, Job Rathbone leased his farm to his son Benjamin Rathbone by an agreement in writing, the material portions of which were as follows :

" That the said party of the first part in consideration of the rents, covenants and agreements of said party of the second part hereinafter set forth, does and by these presents grant, lease and rent to the said party of the second part his farm situate in the borough of Nelson, Tioga county, Pa., and all the appurtenances thereto, together with all cows, horses, wagons and all farming utensils belonging to same, also to furnish his own labor to assist the party of the second part in looking after the interest of the farm.

"Said farm to be rented for the term of one year from November 1, 1899. It is further agreed by and between the above named parties that said second party has the option to continue said rental for one year in addition to the above first named year at the same rate and in the same manner as pertains to the first year. Also said second party is to furnish board and keep to said first party when assisting him.

" Said second party is to do the farming and all labor in good

workmanship manner and shall look well after the live stock and to keep them in good condition—all to be well housed and to be kept from the inclemency of the weather.

" Said second party also to keep all fences well repaired, also houses and barns when necessary. Said second party to pay all taxes and all expenses of the farm out of the proceeds of the farm. After all expenses of the farm has been paid for, the balance or net proceeds is to be divided and one half is to be paid to party of the first part for rental of farm at end of first year. The other half to be retained by party of the second part."

The plaintiff Vera Rathbone was the wife of Benjamin Rathbone. From the evidence it appeared that she had performed manual work on the farm for ninety-two weeks. She admitted that she was not hired to do any work, and that it was not her original intention to charge for the work. She made no claim until she had separated from her husband for two months, and after the parties to the contract had made a full settlement under its terms.

The court refused binding instructions for defendant, and submitted the case to the jury.

Verdict and judgment for plaintiff for $227.51. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

D. W. Baldwin, with him H. A. Ashton, for appellant.

George W. Merrick, with him John S. Ryon and Robert K. Young, for appellee.

OPINION OF ORLADY, J., October 5, 1903:

The plaintiff's husband was the lessee of the defendant under a written contract which provided that " the lessee should do the farming and all labor in good workmanship manner." During the life of this lease the wife performed manual labor on the farm and in the house for ninety-two weeks, for which she claimed separate compensation.

There is no evidence in the case to show either that the de-

fendant had any intention of employing the plaintiff, or that he knew that she expected any compensation for the work done by her, and she admits that she was not hired to do any of the work; that she had no intention of making any charge therefor until the parties to the contract had made a full settlement under its terms and after she had separated from her husband for two months.

It clearly appears that her services were voluntarily rendered for her husband while the family relation was maintained, and with no expectation at the time of rendition that she was to receive any compensation from the defendant. Under such facts even though they were beneficial there was no obligation, either legal or moral, incurred. There was no dispute in regard to the facts and it was the duty of the court to direct the jury to return a verdict for the defendant.

Judgment reversed.